UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TYLER WRIGHT, | Case No.: 2:22-cv-01282-APG-NJK |
| Plaintiff | **Order Granting, in Part, Motion for Default Judgment** |
| v. | [ECF No. 26] |
| MICHAEL B. SCOMA and SCOMA LAW FIRM, PLLC, | |
| Defendants | |

Plaintiff Tyler Wright moves for default judgment against defendants Michael B. Scoma and Scoma Law Firm, PLLC (collectively, Scoma). ECF No. 26.  Default has been entered against those defendants. ECF No. 23.  The motion satisfies the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).  I thus find good cause to enter default judgment.

Wright has submitted evidence that he could have recovered up to $2,000,000.00 in damages in the underlying action but for Scoma's improper actions.  That evidence is unrebutted and appears reasonable.  This amount must be offset by the $176,508.67[1] Wright recovered in the underlying action.  Thus, Wright is entitled to an award of $1,823,491.33 in compensatory damages.[2]

---

[1] This amount is calculated by the $106,109.77 net settlement Wright received plus the $70,398.90 Scoma retained to pay Wright's medical bills. ECF No. 26 at 7.  If Wright discovers that Scoma did not pay Wright's medical bills with those proceeds, Wright may move to reduce the amount of this offset.

[2] This amount includes disgorgement of the $88,333.33 attorney's fee Scoma improperly received in the underlying case. ECF No. 26 at 7.  Disgorgement is appropriate due to Scoma's malpractice and unauthorized practice of law. *Hawkins v. Eighth Jud. Dist. Ct.*, 407 P.3d 766, 770 (Nev. 2017).

Wright has proven "by clear and convincing evidence that [Scoma] has been guilty of oppression, fraud or malice, express or implied." Nev. Rev. Stat. § 42.005(1).  Wright therefore is entitled to treble punitive damages in the amount of $5,470,473.99. Nev. Rev. Stat. § 42.005(1)(a).

Because Wright has proven he is the victim of Scoma's deceptive trade practices, he is entitled to recover his reasonable attorneys' fees under Nev. Rev. Stat. § 41.600(3).  Wright's current counsel agreed to represent Wright based on a one-third contingency fee through trial.  ECF No. 26-1 at 6.  That is a reasonable arrangement.  I therefore award Wright $2,431,321.77 in attorneys' fees.

Wright is entitled to prejudgment interest on his judgment. Nev. Rev. Stat. § 17.130(2).  Wright may file a supplemental brief showing the calculation of that amount by **May 5, 2023**.

Wright's motion also requests $677.00 in taxable costs listed in a Bill of Costs. ECF No. 26-3.  Those costs are taxed by the Clerk of Court under Federal Rule of Civil Procedure 54(d)(1).  Thus, I will not award them here.  Wright may file his Bill of Costs separately.

I THEREFORE ORDER that the motion for default judgment **(ECF No. 26) is granted in part**.  Plaintiff Tyler Wright is entitled to judgment against defendants Michael B. Scoma and Scoma Law Firm, PLLC, jointly and severally, in the amount of $9,725,287.09.[3]

I FURTHER ORDER that Wright's request for an award of costs is denied without prejudice to his ability to recover those through a Bill of Costs that will be taxed by the Clerk of the Court under Federal Rule of Civil Procedure 54(d)(1).

---

[3] That amount is calculated as follows: $1,823,491.33 (compensatory damages) + $5,470,473.99 (punitive damages) + $2,431.321.77 (attorney fees).

2

I FURTHER ORDER that Wright may file a supplemental brief calculating the amount of prejudgment interest by **May 5, 2023**. The clerk will not enter judgment until I determine the amount of prejudgment interest to award.

DATED this 25th day of April, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE